UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY JULIANO,                                                      Index No.:

        PLAINTIFF,                                             **VERIFIED COMPLAINT**
                                                                **JURY TRIAL DEMANDED**

   -against-

LANCASTER CENTRAL SCHOOL DISTRICT,

        DEFENDANT.
_____

      Plaintiff, MARY JULIANO, by counsel, Sanders & Sanders, complains as follows against LANCASTER CENTRAL SCHOOL DISTRICT:

## NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages for violations of Plaintiff's rights under the New York State Human Rights Law ("New York HRL") and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), Plaintiff contends Defendant retaliated against her and discriminated against her based on disability by subjecting her to discriminatory terms and conditions of employment, including differential treatment and a hostile work environment, due to her disability and because she engaged in protected activity under the relevant statutes.

## JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 (4), as this case asserts rights under New York HRL and the ADA.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. Venue is proper under 28 U.S.C. §1391(b).

5. Plaintiff has exhausted all administrative remedies, by filing a complaint with the Equal Employment Opportunity Commission on or about May 27, 2014 (Exhibit 1 hereto), and being notified of her Right to Sue by Notice dated October 28, 2014 (Exhibit 2 hereto).

## PARTIES

6. Plaintiff Mary Juliano has been a resident of New York State at all relevant times hereto. She is female and a member of the protected class as recognized by ADA and the New York HRL.

7. Lancaster Central School District's Transportation Department is located at 295 Pleasant View Drive, Lancaster, NY 14086 and, at all relevant times, Defendant was an employer responsible for, among other things, transporting students in the Lancaster Central School District ("the District").

8. Robert W. Mowry is the District's Transportation Supervisor and he has held that position since approximately 2002.

9. Upon information and belief, Mr. Mowry has been accused of discrimination at the District and while employed at other prior employers.

10. The District has required Mr. Mowry to attend coaching sessions regarding leadership and management strategies, and upon information and belief, he was directed to refrain from contacting or communicating with at least one female subordinate.

## BACKGROUND

11. Plaintiff began working for Defendant in or about October of 2005, and currently holds the position of school bus driver.

12. Since 2013, Plaintiff was discriminated against based on her disability by Supervisor, Robert Mowry.

## DISABILITY AND RETALIATION DISCRIMINATION

13. Plaintiff was subjected to discrimination based on her disability in connection with her employment with Defendant, including as set forth herein.

14. Plaintiff was also subjected to retaliation based on her filing EEOC Charge No. 525-2013-00616 in 2013 against Defendant.

15. Plaintiff suffers from a permanent medical condition known to Defendant which sometimes causes Plaintiff to miss work.

16. Defendant's policy is to allow ten (10) sick leave days, with pay, at the beginning of each school year.

17. Defendant's policy is to require an employee to submit a physician's note only when he/she has used all of the sick leave time, or if he/she has used more than three (3) consecutive days of sick leave.

18. Defendant's policy is to allow an employee who has exhausted paid sick leave four (4) days within the date of absence to submit the physician's note.

19. Plaintiff's supervisor, Mr. Mowry, harassed her with warning memoranda three (3) times before she had used all of her allotted sick days for the school year (2013-2014).

20. Plaintiff tried to get the Defendant to address the disability discrimination by making complaints to the Defendant. The Plaintiff complained to her union representative and to Jamie Phillips, Assistant Superintendent, that she was a victim of discrimination based on her disability by Mr. Mowry. No action was taken to remedy the discrimination.

21. On or about January 15, 2014, Plaintiff received a memorandum from Mr. Mowry concerning absences. He stated that he had reviewed her past two year's history of absences. He noted that she has a history of taking days off "at the beginning or the end of the work week, or attached to periods of school breaks." At that time, Plaintiff had taken only approximately 8 ½ of her 10 days for the year and all of her absences were due to her disability.

22. On or about March 18, 2014, Plaintiff received a memorandum from Mr. Mowry concerning future absences. He warned her that her next absence may be the end of her available sick time for the year. At that time, Plaintiff had 1 ½ allotted sick days left for the year. He stated that if this

occurs, she will be required to submit an unpaid leave of absence form in advance and have prior approval before the time is taken.  He continued to state that if she is ill or unable to work on any given day, she will be required to provide a physician's note the following day.  Nonetheless, the District's policy, as re-stated in writing in a March 15, 2013 communication from Mr. Mowry to the employees, is to submit any such note within four (4) days of the date of absence.

23. On or about March 25, 2014, Plaintiff received a memorandum from Mr. Mowry concerning absences.  He stated that as of March 21, 2014, she has exhausted all of her available sick time for the year.  He stated that she will have to submit an unpaid leave of absence form in advance and have prior approval before the time is taken.  As that time, Plaintiff had a half day allotted sick leave left for the year. This time the memo correctly stated that she had four (4) days to submit a physician's note after an absence.

24. Plaintiff's written requests for a day off were put back into her mail slot by Mr. Mowry and she was told that she would not be paid without a physician's note, even though she had not used all of her allotted sick leave days nor had she been out of work for three or more consecutive days.

25. On or about March 24, 2014, Plaintiff submitted an absence form for a half day for March 20, 2014.  The form was returned to her mail slot by Mr. Mowry with a note attached asking for a physician's note.

26. Mr. Mowry has retaliated against Plaintiff by removing students from her bus route and making her bus route schedule shorter than 4.5 hours/day, even though it takes her more than 4.5 hours to complete the routes. This reduction in hours has resulted in the loss of health benefits to Plaintiff.

27. Mr. Mowry has created a hostile, offensive and intimidating work environment because of Plaintiff's disability and her requests for days off.

28. Defendant's conduct was outrageous, was done in a deliberate and malicious manner intended to injure Plaintiff and was done in conscious disregard to Plaintiff's rights.

## FIRST CAUSE OF ACTION –
## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF ADA

29. Plaintiff repeats and realleges every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as though fully set forth herein.

30. At all relevant times herein, Plaintiff was a disabled employee within the meaning of ADA.

31. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of disability in violation of ADA by subjecting Plaintiff to disparate treatment as set forth above, which included discriminatory terms and conditions of employment and subjecting Plaintiff to a hostile work environment.

32. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

## SECOND CAUSE OF ACTION –
## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF NEW YORK HRL

33. Plaintiff repeats and realleges every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as though fully set forth herein.

34. At all relevant times, herein, Plaintiff was a disabled female employee within the meaning of the New York HRL.

35. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of disability in violation of the New York HRL by subjecting Plaintiff to disparate treatment as set forth above, which included discriminatory terms and conditions of employment.

36. Defendant has subjected Plaintiff to retaliation for having engaged in protected action.

37. As a direct result of the Defendant's acts against Plaintiff, Plaintiff has lost past and future wages and other employment benefits and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

WHEREFORE, Plaintiff requests relief as hereinafter provided:

a) Empanel a jury to hear Plaintiff's complaint;

b) Enter judgment declaring the acts and practices of Defendant to be in violation of the laws of the United States and the State of New York;

c) Issue a permanent injunction ordering Defendant to cease and desist from engaging in the illegal and unlawful acts and practices described herein;

d) Award Plaintiff the amount of wages, including fringe benefits, lost as a result of Defendant's discrimination;

e) Award Plaintiff compensatory damages for losses resulting from Defendant's discrimination;

f) Award Plaintiff the cost of this action, together with interest and reasonable attorney's fees.

Dated: Cheektowaga, New York
      November 5, 2014

                                                s/Harvey P. Sanders
                                                Harvey P. Sanders, Esq.
                                                SANDERS & SANDERS
                                                Attorneys for Plaintiff
                                                401 Maryvale Drive
                                                Cheektowaga, NY 14225

## VERIFICATION

State of New York    )
County of Erie        ) SS:

Mary Juliano, being duly sworn, deposes and says that she is the Plaintiff herein; that she has read the foregoing Verified Complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

                                                                                                            s/Mary Juliano
                                                                                                            Mary Juliano

Subscribed and sworn to before me
this 5th day of November, 2014

s/Harvey P. Sanders
Notary Public, State of New York
Qualified in Erie County
Commission Expires 7/6/18